IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1891.

WILLIAM H. STEPHENS v. THE STATE.

1. Two distinct misdemeanors may be charged in different counts of the indictment; they should be tried and passed upon by the jury and court as several offences.

2. When the indictment contained a count charging embezzlement and another charging a larceny, and the jury found the defendant guilty " of larceny and embezzlement as he stands charged in the indictment"—*Held*, the proceeding was regular.

3. Upon such a finding it is irregular in the court to pronounce a single indiscriminate sentence conjointly for the two offences; but the judgment for that will not be reversed, it appearing that the punishment thus inflicted is not greater than the punishment provided for either of such misdemeanors.

4. Nor will such judgment be reversed in consequence of the counts charging one of such misdemeanors being fatally defective; the intendment will be that the sentence was pronounced on the good count.

5. A challenge to the array will not be sustained founded on the fact that in making up the jury list before the Pleas, the assistant clerk, and not the clerk, who was sick, officiated; for such a function the assistant has full competency.

245

6. A juror who has sat in a previous trial of the defendant for one of a series of embezzlements closely connected with each other, cannot sit, if challenged, on the pending trial of another of such series of misdemeanors.

On writ of error to Monmouth Sessions.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justice MAGIE.

For the plaintiff in error, *B. T. & W. Stout.*

For the state, *Charles Haight, Prosecutor of the Pleas.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The indictment in this case contained two counts, the first laying a charge of embezzlement, the second of larceny.   The language of the jury in announcing their verdict was, "that they find the defendant guilty of larceny and embezzlement as he stands charged in the indictment."

From this statement two things are obvious, viz., that the jury convicted the defendant of two distinct offences, and that the court has punished such offences conjointly and not separately.

It will be noticed that the case does not belong to the class that is so common, in which one and the same crime is laid, with a variety of circumstances, in different counts.   Of this description was the instance in *Donnelly* v. *State*, reported in 2 *Dutcher* 463, the indictment charging in four independent counts the homicide to have been committed in a variant way with respect to the weapon used.   The form of the verdict was, "that the said James P. Donnelly is guilty of the felony and murder on him above charged in form aforesaid, as by the said first four counts of the indictment aforesaid is above supposed against him," &c.   The court decided that such pleading and finding were right and in consonance with the common law practice, as it was the legal intendment that but a single

offence was charged by this form of pleading. But in the case at bar the two counts in question cannot be so construed, for each plainly describes a distinct misdemeanor, for the statutory crime of embezzlement is unlike that of larceny. Their penal consequences according to our laws are dissimilar, for while the perpetrator of the former is subject, as a maximum punishment, to a fine of $500, or imprisonment for three years, the latter may be punished by a fine " not exceeding five hundred dollars, or imprisonment at hard labor not exceeding ten years, or both." The result is, that in this case the defendant stands convicted by the finding of the jury of both of these distinct trangressions, and an indiscriminate judgment, based on that verdict, has passed against him. Two questions thence arise, the first relating to the action of the jury in the particular just stated, and the second with respect to the judicial course thus taken.

There seems to be no doubt that, according to the legal practice in this state, these two various offences, as they are of the same general nature and are triable in the same mode, may be united as the subjects of a single indictment, each of them being charged in a separate count. When misdemeanors are thus conjoined, they may be tried together or separately, at the discretion of the court before which the trial takes place. If the offences are jointly tried the methods of procedure should be substantially the same, with respect to each several charge, as they would be if such charge formed the basis of a separate prosecution ; each must be proved and each must be severally passed upon by the jury. In the case of *Commonwealth* v. *Carey*, 103 *Mass.* 214, the indictment contained three counts, each of which laid a distinct offence, and the jury returned a general verdict of guilty, but, upon being interrogated at the time, declared that they did not pass upon the counts separately. This was pronounced to be erroneous, the court saying " that if no inquiry had been made, the general verdict of guilty would apply to each count, upon the presumption that the jury had correctly understood and applied the instructions given them. But the inquiry having been

made, and having elicited the fact that the verdict had not been found in a manner authorized by law, it was erroneous in the court to order the verdict thus found to be affirmed and recorded." In the case of *Wilson* v. *State*, 20 *Ohio* 26, a similar view of the subject was expressed.

In the case now before us the verdict conforms to the requirement of the rule thus exemplified and expressed, for the jury passed upon each of the two several charges when they declared that the defendant was "guilty of larceny and embezzlement as he stands charged in the indictment." In this respect this course of law was correct.

But the same vindication is not due to the judgment that was founded on this verdict. That procedure is irregular in the extreme; it imposes a single punishment for the two crimes of which the defendant stood convicted; it makes no discrimination or distribution, so that it is impossible to infer how much of the sentence is to be attributed as a penalty to the one or the other of the misdemeanors. Manifestly there is no law in this state that imposes a punishment on a conviction of these two offences; it lays an infliction on each separately, but not, as the trial court in this case did, on the two conjointly.

Nevertheless, although this procedure is thus greatly informal and incorrect, I incline to think that, on this ground the judgment should not be reversed. As the case is presented to us on this record, the objection on this score is of a purely technical character. My mind has failed, after considerable reflection, to suggest how the defendant could be injured, by any possibility, in consequence of this imperfection. It seems to be quite unreasonable to believe that the punishment would have been less if two separate sentences had been pronounced—first for the embezzlement, and then for the larceny. In point of fact the punishment is less than that which the statute imposes for the perpetration of the lesser of these two misdemeanors. It seems to me, therefore, that the defendant has not suffered any hurt from that defect in the proceeding, and that, by force of the eighty-ninth section of

the act regulative of criminal proceedings, no exception can be founded upon it at this time on this writ of error.

It has already been shown that the jury found the defendant "guilty of larceny and embezzlement as he stands charged in the indictment," and, therefore, a judgment was entered in the following terms, viz.: "It is ordered and adjudged by the court that the defendant, William H. Stephens, be imprisoned in the state prison for the term of two and a half years, at hard labor, and from thence until the costs of prosecution be paid." It is now urged that this sentence must be regarded as in part in punishment of the crime of embezzlement and in part in punishment of the crime of larceny, and that such sentence is incurably illegal, inasmuch as the count charging the former offence is so defective that it will not sustain a conviction. The substance of the objection is, that the judgment, based on a verdict finding a defendant guilty of two several offences, cannot be distributed by the court on error, and that if one of such offences has not been properly laid in the indictment the trial as to it was a nullity, and that, consequently, such judgment must of necessity be reversed.

The premise of this deduction seems well founded. The count relative to the embezzlement is radically insufficient. It avers that the defendant embezzled "large amounts of money, to wit, the sum of seventy-seven dollars and fifty-four cents, on," &c., but it does not show or aver the kind or value of such moneys, and this, in a case of this kind, seems to be a necessary allegation. This was the doctrine enunciated by this court in the case of *The State* v. *Stimson*, 4 *Zab.* 9, and has therefore been the law of the state for over thirty years. The cases cited in this authority show plainly that the rule stands as one of the established tenets of the common law. In the present instance the principle is applicable with peculiar force, for the value of the money, bank bills or notes taken, is an essential element of the crime, for unless such designated property be at least of the value of $20 there can be no criminal embezzlement of it. The count is founded on the one

hundred and sixty-first section of the "Act for the punishment of crimes," which, in the pertinent respect, reads thus : " If any servant, employe or agent of any individual or incorporated company shall take or receive any money, bank bill or note, of or above the price or value of twenty dollars," &c. From this form of expression it is obvious that the money taken must be alleged to be above the value of $20.

The legal rule just stated has always seemed to me to savor of an excessive technicality, but it is so seated that it cannot be subverted.

On the assumption, then, of the correctness of this premise, is the conclusion of the counsel of the defendant correct? Is this court constrained to intend that the judgment in question relates, in any degree, to the offence charged in this abortive count?

My conclusion is a negation of the proposition. The charge of larceny is well laid in the second count in this indictment, and the judgment is in accord with the punishment for that offence here inflicted ; and in such a condition of facts the principle is, that it will be intended that the tribunal pronouncing the sentence disregarded the nugatory finding, and exclusively based its action on such part of it as is valid. It has always been the rule of criminal procedure to sustain a judgment on error where there has been one good count on which it could rest, no matter to what extent it was associated with bad ones. The principle is but the outcome of the maxim touching judicial procedures, viz., "*Omnia præsumuntur esse rite acta.*" In the case before us the trial court could not rightly punish but for the larceny, and, therefore, this court must infer that the punishment, notwithstanding the scope of the verdict, was restricted to that misdemeanor of which the defendant had been properly convicted. For exemplifications and statement of this legal principle it is only necessary to refer to the ordinary text books. 1 *Chit. Cr. L.* 700 ; 2 *Burr.* 984 ; 1 *Arch. Cr. Pl. & Pr.* 580, *note.*

Against this objection, therefore, this judgment must prevail.

.· There are other exceptions to the proceedings below, which will be briefly noticed.

There was a challenge interposed to the array of petit jurors, the reason of objection being, that the clerk of the county was not present at the time of drawing the jury list before the Pleas, and that he did not transcribe the names as required by the statute.

This position is not tenable. By the statute of 1876 (*Rev. Sup., p.* 124, *pl.* 6) the deputy clerk is clothed, in the absence of his principal, with full power to discharge all the duties of the latter. In the present case the clerk himself was absent by reason of sickness, and his deputy was present and performed the required services. Besides this, in the case of *Poulson* v. *Union National Bank*, 11 *Vroom* 563, it was declared by the Court of Errors that the statute in question was " merely directory as to all these proceedings, except the certificate." In this case the certificate is in due form.

The next exception relates to a challenge to the polls. A juryman whose name was drawn was excepted to by the state, on the ground that he had sat as a juror in a previous trial during the term involving in substance a consideration of the same testimony in its application of a similar offence as was embraced in the trial then transacting. The defendant was subject to a series of indictments charging him with embezzlements of the moneys of the same prosecutor. The jury in the previous trial in which the challenged juror had participated had failed to agree and had been discharged. The court disposed of this challenge in these words, viz.: " This present indictment against the defendant, William H. Stephens, has already been tried once before this term, and likewise another indictment against him—both indictments charging embezzlement from the same master, but covering different periods. The juror who is now challenged sat upon the trial of the first indictment. The evidence in both cases was substantially alike, the difference being merely of dates. The court sustains the challenge to the favor."

My conclusion is, that this juror was rightly excluded. The statement made by the trial judge must be received by this court as presenting the facts as they existed, for such statement related to matters within the judicial cognizance, and it has not been questioned in the inferior court nor in this court.

It is the established doctrine that the fact that a juror has tried and convicted or acquitted a person of a crime does not disqualify such juror from similarly participating in the trial of another indictment for a like offence. There is a practical application and recognition of this rule in the case of *Patterson* v. *State*, 19 *Vroom* 381. But the present case differs from the one so adjudicated, for there it was not pretended, as it is in this, that the two transactions embraced in the two indictments were respectively parts of the same affair, and that the testimony that had been passed upon by the jury at the past trial was in substance the same as that to be produced in the pending trial. The rule above stated is applicable, from its terms and spirit, only when the indictment tried and that to be tried relate to independent crimes; for it is certain that a juror, having rendered a verdict, is not qualified to sit on a second trial for the same offence. Nor can he resit upon the same title or matter though between other parties; nor can he officiate if he has, as a grand juryman, found the indictment being tried. The pith and groundwork of this latter rule are, that a person who, under the sanction of an oath and as a function of official duty, has passed upon the effect of testimony with respect to the guilt or innocence of another touching a particular offence, is not in such a frame of mind that he can impartially retry the case. The theory is founded in experience, good sense and sound reason. It is the formation of an opinion under the circumstances stated, and not the rendition of a verdict, that is the reason for the exclusion of the juror, and, consequently, in the present instance the juror was properly rejected.

The other objections of the same strain come under the same ruling.

Let the judgment be affirmed.