### THE STATE v. HENRY I. BARR ET AL.

1. An indictment charging the embezzlement of "certain moneys, to wit, the sum of three thousand dollars," sufficiently shows the value of the moneys.
2. Under section 57 of the Criminal Procedure act, an indictment charging the embezzlement of "certain moneys, to wit, the sum of three thousand dollars," sufficiently specifies the money embezzled.
3. In section 161 of the Crimes act the terms "employe or agent of any individual," on the one hand, and "employer," on the other, are correlative, so that when the employes or agents of an individual embezzle his money, they embezzle the money of their employer, within the intendment of the law.

On motion to quash an indictment.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the motion, *Alan H. Strong.*

*Contra, John S. Voorhees,* prosecutor of the pleas.

The opinion of the court was delivered by

DIXON, J. The first count of this indictment charges that the defendants, being the agents of Frank M. Oliver, did take and receive certain moneys, to wit, the sum of $3,000, belonging to said Oliver, with intent to defraud said Oliver thereof, and willfully, fraudulently and unlawfully did retain and appropriate to their own use the said moneys, to wit, the said

sum of $3,000, knowing the same to belong to said Oliver, with intent to defraud said Oliver.

The objections urged against this count are, first, that it does not show the kind or value of the moneys referred to; second, that it does not aver that Oliver, to whom the money belonged, was the master or employer of the defendants.

In support of the first objection, *Stephens* v. *State*, 24 *Vroom* 245, is cited.

What was there said on this point was mere *obiter dictum*, and was intended only to call attention to the doctrine previously enunciated in *State* v. *Stimson*, 4 *Zab.* 9. On referring to State *v.* Stimson, it will be perceived that these rules were there recognized : *First.* Where the larceny, embezzlement or criminal conversion of any article, whether coin or security or chattel, is charged, the article should be described with reasonable certainty ; *second,* the value of the article should be stated, unless it be a coin of the government, in which case, the value being established by law, the courts will take notice of the value; *third,* the term " dollar " is an expression of value, as well as the name of a coin ; and hence the word " dollars " is uncertain as a description, since it may be used to denote a number of cents or dimes, as well as of dollars proper, but is certain as an expression of value.

From this it seems to follow that the present indictment, in charging an appropriation of certain moneys, to wit, the sum of $3,000, properly alleged the value of the moneys, since the court must judicially notice that $3,000 in money, no matter of what coins, have the value of $3,000.

In considering the sufficiency of the description of the articles embezzled, we are relieved by section 57 of the Criminal Procedure act, which declares " that for preventing difficulties in the prosecution of offenders in any case of embezzlement, * * * where the offence shall relate to any money, * * * it shall be sufficient to allege the embezzlement or fraudulent application or disposition to be of money, without specifying any particular coin." This enactment was not in existence when State *v.* Stimson was decided,

and was not adverted to in Stephens *v.* State.    Under it the allegation in this indictment is sufficient.

On the second objection—that the count does not allege the money to have been *the money of the master or employer* of the defendants—the position of counsel appears to be that alleging the defendants to be the agents of Oliver is not equivalent to an allegation that Oliver was the master or employer of the defendants.    We think otherwise; we understand the terms of the statute, "employe or agent of any individual," on the one hand, and "employer," on the other, to be correlative, so that when the agents of an individual embezzle his money, they embezzle the money of their employer, within the intendment of the law.

In our judgment the first count is good.

This renders it unnecessary to decide on this motion as to the validity of the second count.    But we may suggest that, while it is clearly bad as a charge of conspiracy, for want of an averment of some act done "in execution of the agreement to effect the object thereof," it may perhaps be sustained as an indictment for obtaining a valuable thing by false pretences, section 51 of the Criminal Procedure act helping out the defective statement of the ingredients of the offence as they are set forth in section 171 of the Crimes act.

The motion to quash is denied.

Let the indictment be sent to the Middlesex Sessions for trial.