CHARLES PARKS, PLAINTIFF IN ERROR, v. THE STATE
OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided March 6, 1899.

A writ of error will not lie to an order of the Supreme Court denying a
motion to quash an indictment removed into it by *certiorari* from the
Sessions and remitting the indictment to the Sessions, to be proceeded
in according to law before final judgment.

On error to the Supreme Court.

For the plaintiff in error, *Edward Wilson* and *Frederic
W. Ward.*

For the defendant in error, *Wilbur A. Heisley,* prosecutor
of the pleas.

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    The assignment of errors in
this case is solely directed to the refusal of the Supreme Court
to quash an indictment removed into that court by a *certiorari*
to the Monmouth County Sessions.

An examination of the so-called record returned with this
writ of error discloses that the Supreme Court denied the
motion to quash the indictment and ordered the record
brought before it by the *certiorari,* to be remitted to the Ses-
sions, to be proceeded in according to law.

By the provisions of section 6 of the *Certiorari* act (*Gen.
Stat., p.* 368) the Supreme Court had authority, at its discre-
tion, either to retain the record for trial in the proper Circuit
Court or to remit the record to the court from which it was
removed, to be there proceeded on.

The motion to quash is one addressed to the discretion of
the court and not *ex debito justitiæ. State* v. *Hageman,* 1
*Gr.* 314; *State* v. *Dayton,* 3 *Zab.* 49; *Proctor* v. *State,* 26
*Vroom* 472.

Whether, after final judgment, an assignment of error may be directed to a refusal to quash an indictment when no demurrer or motion in arrest of judgment, which would have presented the question of the sufficiency of the indictment on the record, has been interposed, has been mooted but not decided. *Moschell* v. *State,* 24 *Vroom* 498 ; *Mead* v. *State, Id.* 601.

It is not presented in this case and no opinion is expressed thereon, for the case before us shows that there is nothing on which this court can act.

A writ of error cannot be sued out until final judgment. *Cooper* v. *Vanderveer,* 18 *Vroom* 178.

When a writ of error removed a judgment of a Circuit Court into the Supreme Court, the judgment of the latter court reversing that of the Circuit Court and remitting the cause for further proceedings according to law, has been held by us to be a final judgment, reviewable by writ of error, on the grounds that by the writ of error a new suit was instituted, the judgment wherein was final, and that the substantial matter involved was the legality of the original judgment, which was a final judgment. *Lee* v. *Heath,* 32 *Vroom* 250.

When the Supreme Court, by virtue of its superintending power over inferior courts, brings, by *certiorari,* into it the proceedings of an inferior court upon an indictment, it has the option, at its discretion, to retain the cause and proceed to a final disposition of the issues presented, or to remit the proceedings to the inferior court. *Gen. Stat., p.* 368.

Had the Supreme Court retained the cause now before us, it is obvious that no final judgment could have been reached until the accused had been convicted and sentenced or acquitted and discharged by that court. It is equally plain that, after the exercise of its option of remitting the proceedings to the Sessions, no final judgment in the cause could have been reached until a similar result had been reached in that court. A *certiorari* in such cases is not the institution of a new suit, nor does it bring in question any final judgment.

The result is that this writ was prematurely issued and must be dismissed.

*For. dismissal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    13.