THE STATE v. SAMUEL BAUM.

Submitted November 9, 1899—Decided February 26, 1900.

1. It is within the discretion of the trial court to grant separate trials, where two are jointly indicted, and also to admit the evidence of a witness under twelve years of age.
2. The indictment contained five counts, and the trial judge directed the jury that they must disregard all the counts except two, one for entering without breaking, and the other for larceny. There was a verdict of guilty and judgment for punishment less than might have been imposed for entering without breaking. The entire record being before the court in virtue of the act of 1898, page 915, section 136, the judgment cannot be reversed for any imperfection, omission, defect in or lack of form, and it does not appear that there was any error on the trial which prejudiced the defendant in making his defence upon the merits, nor does it appear that the defendant suffered manifest wrong or injury in respect to any matter submitted under the act of 1898.
3. *Quære.* Whether, under the act of 1898, the question passed upon in the Kohl case (30 *Vroom* 445) can now arise?

On error.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the state, *Louis Hood.*

For the defendant, *Samuel F. Leber, Charles Hood* and *Frank E. Bradner.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant was indicted by the Essex county grand jury jointly with one Friedman.

The indictment contained five counts—*first,* breaking and entering by night; *second,* breaking and entering by day; *third,* entering without breaking; *fourth,* larceny; *fifth,* receiving stolen goods.

The jury on the trial of the cause against Samuel Baum

alone returned a verdict of guilty, whereupon he was sentenced to be imprisoned, at hard labor in the state prison, for two years and six months.

The entire record is brought up by this writ of error, in pursuance of the act of 1898.   *Pamph. L., p.* 915.

The facts that the court ordered Baum to be tried separately, and that the evidence of the girl under ten years of age was admitted, furnish no ground of reversal. These were matters within the discretion of the court, and the case fails to show any respect in which the defendant suffered manifest wrong or injury by the exercise of this discretion of the trial court.

Nor does it appear that manifest wrong or injury was done to the defendant by the exercise by the trial judge of his undoubted right to comment before the jury upon the evidence in the case.   *Bruch* v. *Carter,* 3 *Vroom* 554.

The trial judge, in his charge to the jury, instructed them that it was admitted that there was no breaking by night, and that, therefore, that charge must be disregarded, and that if a verdict was found against defendant it could be only for entering by day and larceny.

The entire record being before us, all the other counts may fairly be regarded as stricken out, and although there was a general verdict of guilty, no injury was done to the defendant because the judgment imposed was less severe than the extreme penalty provided for entering by day and larceny. *Stephens* v. *State,* 24 *Vroom* 245.

In section 136 of the act of 1898, providing for the return of the entire record, the previous provision of the Criminal Procedure act was incorporated, providing "that no judgment given upon any indictment shall be reversed for any imperfection, omission, defect in, or lack of form, or for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits."

The strictness with which this provision has been enforced appears by the opinion of Chief Justice Green in the *Donnelly* v. *State,* 2 *Dutcher* 463, 493, where, after citing this pro-

vision of our statute, he says : " If the jury have found the substance of the charge, the manner of entering the verdict, whether upon one count or four, can only be regarded as an imperfection or lack of form, nor can it in anywise have prejudiced the defendant in maintaining his defence upon the merits."

So, in *Mead* v. *State*, 24 *Vroom* 601, it was held that a single good count in an indictment will be sufficient to sustain a verdict of guilty and judgment thereon. See, also, *Bodee* v. *State*, 28 *Id.* 140.

It will be observed by comparing the act of 1894 (*Gen. Stat.*, *p.* 1154, § 170), with section 136 of the act of 1898 (*Pamph. L.*, *p.* 915), that the words " or upon the evidence adduced upon the trial," contained in the former act, are not incorporated in the later act.

In this case the evidence clearly justified the jury in finding the defendant guilty of the offences to which the trial judge in his charge limited their investigation.

It is therefore unnecessary to consider whether the question passed upon by the Court of Errors and Appeals in *Kohl* v. *State*, 30 *Vroom* 445, can arise under the act of 1898.

As it does not appear that the defendant suffered manifest wrong or injury in respect to any matter now submitted in this case under the act of 1898, the judgment below is affirmed.