THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANCIS J. MEEKER, PLAINTIFF IN ERROR.

Submitted March 27, 1905—Decided June 19, 1905.

1. A charge in an indictment that the defendant had been entrusted with money necessarily implied that he had been entrusted with the care of the money.
2. Under the circumstances of this case, it was not conclusively proven that the embezzlement charged against the defendant had taken place more than two years before the finding of the indictment.
3. Under section 57 of the Criminal Procedure act of 1874 (*Gen. Stat.*, p. 1119), now section 47 of the act of 1898 (*Pamph. L.*, p. 866), when an indictment charges an embezzlement of money, it is not necessary to allege or to prove from whom or in what form the defendant received the money; it is enough to show that out of the gross sum received a portion has been embezzled by him; hence proof of a general deficiency in his cash accounts is legitimate evidence on such a charge.

On error to the Supreme Court.

For the state, *Henry Young,* prosecutor of the pleas.

For the defendant, *Frank E. Bradner* and *Charles Hood.*

The opinion of the court was delivered by

DIXON, J.   On March 17th, 1903, the defendant was indicted by the grand jury of Essex county for embezzlement. The indictment consists of three counts, the first of which

charged that on March 7th, 1903, the defendant, then being the bailee, agent and servant of the Newark Firemen's Relief Association, and as such being by it entrusted with the moneys of said association to the value of $9,882, did fraudulently and unlawfully take and convert the same to his own use. This count is based on section 184 of the Crimes act of 1898 (*Pamph. L., p.* 794), and is in exact accordance with it save as to the difference presently to be noticed. The second and third counts charge that on March 7th, 1903, the defendant, as treasurer of the same association, did embezzle and fraudulently dispose of the moneys of the association committed to his keeping. These counts are based on section 167 of the Crimes act, and their accuracy is not challenged. On trial in the Essex Sessions the defendant was convicted and the judgment against him, having been affirmed in the Supreme Court, is now, with the entire record of the proceedings at the trial, brought to this court for review.

The first ground of complaint is that the Sessions, on motion made before the jury was sworn, refused to strike out the first count of the indictment because it merely alleged that the defendant had been entrusted with the moneys of the association, while the statute applied only when the accused had been entrusted with the *collection or care* of moneys.

A motion to quash an indictment, or any count of an indictment, is addressed to the discretion of the court (*Parks v. State,* 33 *Vroom* 664), and the denial of the motion is not reviewable except under section 136 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 866. By that section, if upon examination of the whole record it appeared that by denial of the motion the defendant had suffered manifest wrong or injury, this court would be required to afford the proper remedy.

But we think no such wrong or injury appears. When a person is entrusted with money for any purpose his primary duty is to take care of it, and consequently the allegation in this count that the defendant had been entrusted with money necessarily implied that he had been entrusted with the care

of it, thus substantially corresponding with that feature of the statute.

Another ground of complaint is that the trial court refused to direct an acquittal for the reason that the embezzlement proved must have taken place more than two years before indictment, and therefore prosecution was barred by section 152 of the Criminal Procedure act. The position thus assumed on behalf of the defendant rests upon the idea that because his balance in bank, on February 23d, 1901, was only $155.32, when in the regular course of business it should have been over $10,000, and between that date and the finding of the indictment he, as treasurer, had expended more than he had received, therefore the embezzlement which resulted in the present deficiency must have been committed before February 23d, 1901.

But this statement of the situation ignores several important conditions. First, there was evidence tending to prove that the defendant's deposits in bank were frequently not in accord with his actual receipt of moneys, and hence it was credible that the balance in the bank did not represent all the moneys which he then had on hand; the smallness of the bank account did not conclusively prove a prior defalcation. In the next place, there was evidence, consisting of the defendant's own declarations, tending to prove that after February 23d, 1901, he had in his possession, as treasurer, cash sufficient to balance the deficiency said to have been shown on that day, so that from the entire testimony it might be inferred that the earlier deficiency had been supplied and a new embezzlement had been committed within the limited period. The fact that during the year 1902 he had credited himself with $2,000 as so much cash paid for the McDermit mortgage, when, according to the evidence, he had paid for it less than $400, gave additional probability to such an inference. Under these circumstances the Sessions properly refused to direct an acquittal.

Another complaint is made because at the trial the state was permitted to prove a general deficiency in the cash ac-

counts of the defendant as treasurer, the contention on his part being that the indictment could be supported only by proof of the embezzlement of a specific item. This contention rests upon the notion that the ancient law, as declared in *Regina* v. *Lloyd Jones,* 8 *Car. & P.* 288, and *State* v. *Stimson,* 4 *Zab.* 9, still prevails. But our law was greatly altered in this particular by section 57 of the Criminal Procedure act of 1874 (*Gen. Stat., p.* 1119), now section 47 of the act of 1898, which is a copy of 24 and 25 *Vict., c.* 96, § 71. Under this act, when the offence of embezzlement relates to money, it is sufficient to allege the embezzlement to be of money, and such allegation, so far as regards the description of the property, shall be sustained if the defendant shall be proved to have embezzled any amount. *State* v. *Barr,* 32 *Vroom* 131. And see *Queen* v. *Keena, L. R.,* 1 *C. C. R.* 113. According to the present law, it is not necessary to allege or to prove from whom or in what form the defendant received the money which is the subject of the indictment, but it is enough to show that out of the gross sum of moneys received a portion has been embezzled by him. To establish such a case, a general deficiency in the defendant's cash accounts is a step towards complete proof.

The other objections taken to the proceedings at the trial have been duly considered by us, but they are all covered by the views above expressed and do not call for specific mention. Nothing occurred to the prejudice or injury of the defendant in maintaining his defence upon the merits, and therefore the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, FORT, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 9.

*For reversal*—None.