THE STATE OF NEW JERSEY v. LEO POTTER.

Argued June 4, 1912—Decided November 27, 1912.

An order of the Quarter Sessions quashing indictments is of a discretionary nature in the trial court, and is not the subject of review by writ of *certiorari* in this court, where it is not apparent the judicial discretion has been abused.

On *certiorari* reviewing two indictments, and order quashing same in Passaic Quarter Sessions.

Before Justices TRENCHARD, PARKER and MINTURN.

For the state, *Michael Dunn.*

For the defendant, *William I. Lewis.*

The opinion of the court was delivered by

MINTURN, J.  Two indictments against the defendant are brought up by this writ, both of which were on motion of defendant quashed by the Court of Quarter Sessions of Passaic county.  In one case the indictment charged a violation of section 207 of the General Election law of 1898.  *Comp. Stat., p.* 2140.  In the other the indictment charged a violation of section 36 of the Corrupt Practice act.  *Pamph. L.* 1911, *p.* 344:

For the purpose of the present inquiry, we are not concerned with the nature or details of the offences charged, since the only question presented here is the insistence of the state that the action of the Sessions in quashing the indictments was without warrant in law.  Whatever view we may entertain regarding the merits of the legal inquiry thus presented can be of no consequence unless it is clear that we possess the power under this method of procedure to review the entire case, as upon writ of error.

Our examination of the question has led us to conclude

that this court has not, in any case brought before it, assumed to review a discretionary order of the Sessions, such as that under review.

In *State* v. *Dayton, 3 Zab.* 49, 52, Chief Justice Green intimates that the action of the court in considering the regularity of a motion to quash was based upon the consent of both parties to the review, and concluded his opinion upon the subject with the significant remark, "The suggestion is necessary to guard against the action of the court being drawn into precedent."

In *State* v. *Webster,* 5 *Halst.* 293, this court in reviewing the order quashing an indictment in the Sessions said: "We express no opinion as to the manner in which the indictment comes before us, as no objection has been made to bringing it here by *certiorari* on the part of the state, after having been quashed in the Court of Quarter Sessions."

The reason underlying this consensus of doubt was manifestly based upon the fundamental principle that the writ of *certiorari* will not go to review a discretionary order. *Wright* v. *Green,* 6 *Halst.* 334; 1 *Tidd* 400.

That such an order as that *sub judice* was of this discretionary character, is settled by unanimous consent of courts and text-writers. *Parks* v. *State,* 33 *Vroom* 664, and cases cited; 1 *Bish. Cr. Pr.* 761; *Clerk Cr. Pr.* 365.

Upon that ground the general trend of authority in this and other jurisdictions is opposed to the review of such an order upon *certiorari.*

In *State* v. *Black,* 20 *Atl. Rep.* 255, Chief Justice Beasley, speaking upon the subject, said: "The granting of such a motion is a matter of discretion, and does not form any ground for a writ of error." This adjudication was affirmed by the Court of Errors and Appeals in 24 *Vroom* 462.

In the federal jurisdiction such is the rule. *Logan* v. *United States,* 144 *U. S.* 263; *Durland* v. *United States,* 161 *Id.* 306.

In New York a similar rule prevails. *People* v. *Petrea,* 92 *N. Y.* 128; *Wood* v. *People,* 1 *Hun* 381; *People* v. *Davis,* 56 *N. Y.* 95; also in Massachusetts, *Com.* v. *Eastman,* 1 *Cush.* 219.

The cases upon the subject in the various jurisdictions are collected in a note in 22 *Cyc.* 412.

It matters not whether we view the determination of the Sessions as a discretionary order or a final judgment. In either event it is not reviewable here upon *certiorari,* unless, in the language of this court, in *State* v. *Vandervere,* 1 *Dutcher* 669, it is manifest that the judicial discretion was used "capriciously in violation of settled legal principles of equity or of law." 1 *Bish. Cr. Pr.* 362; *State* v. *Black, ubi supra.*

The writ in this case will therefore be dismissed.