THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAMUEL MANDEL, PLAINTIFF IN ERROR.

Argued May 1, 1928—Decided February 21, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Elwood C. Weeks.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error (hereinafter referred to as the defendant) was convicted upon an indictment found by the Atlantic county grand jury, charging him with fraudulently converting to his own use certain moneys of his employer, one Samuel Kean, the collection of which had been entrusted to him by the latter. The indictment as originally returned charged the offense as having occurred between the 1st day of December, 1924, and thereafter until the 1st day of October, 1924. When this obvious error was discovered the prosecutor of the pleas applied to the court for leave to amend the indictment by making the last date read "October 1st, 1925;" and this was done. Subsequently, when the case came on to be tried, the prosecutor of the pleas discovered that the indictment had been returned in June, 1925, and then applied to have the indictment again amended by restoring the original date last set out therein and altering the first date so as to make the specified period

of time read "December 1st, 1923, to October 1st, 1924," and this second application was also granted.

Both of these amendments were made notwithstanding objection thereto on the part of counsel for the defendant, and the first ground upon which a reversal of the conviction is sought is that the trial court committed harmful error in permitting them to be made. But this contention is in entire disregard of sections 33 and 34 of our Criminal Procedure act. *Comp. Stat., p.* 1831, *et seq.* Section 33 provides that "no indictment for any offense shall be held insufficient * * * for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened;" and section 44 declares that, where objection is made to any formal defect apparent on the face of the indictment, the court before which such objection is taken may forthwith cause the indictment to be so amended as to cure such defect. The defects contained in the present indictment were those specified in section 33 of the statute. That they are merely formal has been declared by this court in the case of *Ketline* v. *State,* 58 *N. J. L.* 462, where a similar question was presented for decision.

The next ground urged for reversal is that the court erroneously refused to direct a verdict for the defendant. The basis of the request for a direction was that there was no evidence which would justify a jury in finding that the defendant had fraudulently appropriated to his own use moneys which he had collected as the agent of his employer; that the collection itself was legal, and that, consequently, it was necessary to prove that defendant's employer had demanded payment of the moneys collected, and that such demand had not been complied with, in order to show a fraudulent misappropriation of the moneys; and that there was no proof that any such demand had been made. But this is not true in fact. The testimony of Kean, the defendant's employer, was that, having become suspicious that the defendant had wrongfully appropriated money which he had collected, he had an interview with him; that, at this interview, he called his attention to a copy of a statement taken from his (Kean's)

books of account, which showed collections by defendant which had not been turned over to Kean; that the defendant admitted that he had collected some of these moneys, but not all of them, and promised that he would "make good" within the next few days, but that he never did this, either within a few days or at any other time.

The next ground upon which a reversal of the conviction is sought is that the trial court erroneously admitted in evidence, over the objection of defendant's counsel, a statement showing an account between the defendant's employer and a man named Abrams, the purpose of which was to show that the defendant had collected from Abrams moneys due to his employer, amounting to $48. The argument is that the statement was not competent evidence of the collection of this sum by the defendant, because there was no proof that he had ever seen it, or that he had supplied the data from which it was made up; and counsel asserts that its admission was harmful error. In view of the fact that the defendant offered himself as a witness at the trial, and, in response to a question put to him by his counsel, testified that he had collected from Abrams the very $48 set out in the statement, we are unable to see how its admission was harmful error, even if it was erroneous. The case comes before us under the broad review provided by section 136 of the Criminal Procedure act (*Comp. Stat., p.* 1863), and that section declares that no judgment of conviction which is sought to be reviewed under its provisions shall be reversed for any error occurring at the trial except such as shall or may have prejudiced the defendant in maintaining his defense upon the merits. For the reason indicated, we find nothing of substance in this ground of reversal.

The only other reason for setting aside the conviction which is of sufficient importance to justify discussion is directed at the refusal of the trial court to charge the jury that, in order to justify a conviction, the state was required to convince the members of that body beyond a reasonable doubt of the existence of each of five segregated facts, which are set out *seriatim* in the request. The court refused to charge the

request in the language in which it was submitted, but instructed the jury that the defendant was presumed to be innocent, and that this presumption followed and protected him until the state produced testimony which overcame that presumption and which satisfied the jury to a point where it had an abiding conviction to a moral certainty of the guilt of the defendant. Having thus charged the law as to reasonable doubt, the trial court was not required, though specially requested to do so, to apply the legal principle to conditions of fact postulated by defendant's counsel where such conditions did not include all of the circumstances which should influence the conclusion of the jury. *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554; *State* v. *Blaime, 5 N. J. Mis. R.* 633.

For the reasons stated, the conviction under review will be affirmed.