STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NEWTON KNAUER, PLAINTIFF IN ERROR.

Argued October 7, 1930—Decided May 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Bourgeois & Coulomb.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

The defendant below brings up his conviction on an indictment, and the judgment entered thereon, in the Atlantic Quarter Sessions Court. The case is here on bills of exception and on specifications of causes for reversal on the entire record of the proceedings had upon the trial under section 136 of the Criminal Procedure act.

The indictment charged that the defendant, on September 18th, 1928, having previously been appointed agent of thirteen persons and corporations therein named, and by them authorized to collect from the United Post Offices Corporation the sum of $8,800, or thereabouts, due from the latter corporation to the several persons and corporations named, and for whom the defendant was to act as agent, and by which appointment defendant was entrusted not only with the collection of such money but the care of the same, for each and every of such persons and corporations as their respective interests therein might appear, and for whom defendant was acting as agent; that defendant did accept his appointment as such agent, and did promise and agree to forthwith collect such moneys and turn over the same to the law firm of Cole and Cole for distribution to such persons and corporations, as their several interests would appear; and further, in pursuance thereof, defendant did collect from such United Post Offices Corporation, such sum of $8,800, or some other sum, the exact amount being unknown, and while acting as such agent, and having collected such moneys, and being entrusted with the care of the same, did neglect and refuse to deliver the same to the said Cole and Cole, or to any other person, for the benefit, use and division among

the several persons and corporations for whom the defendant was acting as agent, but, on the contrary, defendant did fraudulently take and convert such moneys so collected by him as agent for such persons and corporations, to his own use, and not to the use of the persons and corporations for whom he was acting, and who were the rightful owners thereof.

At the trial the evidence tended to show that the defendant was the builder of a certain building in Atlantic City; that he was indebted to the subcontractors (the persons and corporations named in the indictment for whom he acted as agent), upon the completion of the job, for moneys in excess of the amount due from the owner of the building to him; that the subcontractors had filed stop-notices, and in that position defendant was not able to obtain the money; that he negotiated with the owner for considerable time, but the owner refused to make any disbursement until defendant would present a release of liens and receipt in full from each of the subcontractors; that the defendant disclaimed any personal right to the money, and in order to discharge his obligation to the subcontractors, he agreed with Cole and Cole, attorneys for the subcontractors, that he would act as their agent and trustee, and would secure the money for them and deposit the same with Cole and Cole to be distributed in proportion to the interest that each subcontractor had in the fund, upon the condition that each of the subcontractors would execute the release of lien and receipt of payment in full; that this was done and the defendant secured the money from the owner, but neglected and refused to comply with the trust he had undertaken to deposit the money with the attorneys.

It further appeared at the trial of the cause that four of the thirteen subcontractors mentioned in the indictment disclaimed that any agency or trust relationship had been created. All of the other subcontractors, however, and Cole and Cole, with whom the final arrangements were made, testified that the defendant had agreed and secured the release of liens and receipts upon the promise that he was act-

ing solely as agent for the purpose of securing the money for them.

The defendant argues that the indictment is bad for duplicity and uncertainty because it charges the defendant with being agent for, and embezzling from thirteen separate and distinct parties.

On the contrary we think that the indictment is not bad in that respect for it charges one offense committed simultaneously against an association or combination of parties in which thirteen separate people had an interest, under the same set of facts. The embezzlement occurred, not by withholding the money from each of the thirteen parties for whom the defendant was acting as agent, but because of the breach of trust when he violated the trust set forth in the indictment, namely, "did accept his appointment as agent aforesaid, and did promise and agree to forthwith collect said moneys and turn over the sum to a certain law firm known as Cole and Cole, with offices in Atlantic City aforesaid, for distribution to said persons and corporations, as their several interests would appear."

There was no harmful error in the refusal to quash the indictment or the denial of the motion to acquit, since proof of embezzlement of any portion of the sum charged to have been embezzled was sufficient to sustain the conviction. *State* v. *Meeker*, 72 *N. J. L.* 210.

The state was not bound on motion at the outset of the case to make any election as to which one of the charges it intended to press, for the indictment rests upon the embezzlement by the defendant from a common agent of all or any one of the creditors.

The last contention of the defendant is based on the theory that the money in the hands of the owner of the property belonged to the defendant, the builder, and that he could not be charged with embezzling his own money. The facts, however, as we see them, do not support such a theory. The subcontractors by reason of having filed their stop-notices and the acknowledgment that such money was due them, were entitled to the moneys. According to the testimony the

defendant admitted that he personally had no interest in the fund. As between the defendant and the creditors there was a relinquishment of any rights that defendant theretofore had in the fund with the same force and effect as if there had been an assignment thereof. Defendant secured the funds as agent and trustee for the subcontractors, and upon the further promise that he would deposit those funds with Cole and Cole acting on behalf of the subcontractors. It was upon that condition and trust that he received the release of liens and receipts in full.

The judgment below will be affirmed.