9 N.J. Super. 143 (1950)
75 A.2d 516
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY M. AJAMIAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 14, 1950.
Decided September 7, 1950.
*144 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. George R. Sommer argued the cause for the appellant.
Mr. William A. O'Brien argued the cause for the respondent (Mr. Horace K. Roberson, Hudson County Prosecutor, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The defendant Harry M. Ajamian appeals from his conviction of embezzlement in the Hudson County Court on the ground that his indictment was bad as duplicitous.
The indictment was returned in 1947 and charged that the defendant, as agent of Isabella Panian, was entrusted with the care of moneys on her behalf and fraudulently took and converted her moneys to his own use in specified amounts on dates between December 9, 1946, and February 28, 1947, the total sum converted being $15,957.83, later amended to $14,679.10. On the day of trial the defendant moved to quash the indictment on the ground, among others which have been abandoned on the appeal, that the individual amounts listed therein should have been set forth in separate counts. The motion was denied, the matter proceeded to trial during which evidence supporting the indictment and the defense was received and, after having been duly charged by the Court, the jury found the defendant guilty. Motions in arrest of judgment, to set aside the verdict of the jury, and for a new trial, were denied and the defendant was sentenced to State Prison for a term of two to three years.
The State contends that the indictment may be viewed as properly charging the single offense of embezzling the *145 aggregate amount stated which, in turn, consisted of the individual smaller amounts enumerated therein. Support for this view may be found in cases in other jurisdictions involving continuing defalcations by an agent resulting, upon disclosure, in a single charge of embezzlement based on the total shortage (Ker v. The People, 110 Ill. 627, 646 (Sup. Ct. 1884); State v. Kurth, 105 Mont. 260, 72 P.2d 687 (Sup. Ct. 1937); 1 Wharton's Criminal Procedure (10th Ed. 1918), § 598, p. 780); these cases recognize that an unwarranted burden would be placed upon the State if it were obliged under such circumstances to meet any formal requirement of alleging and establishing the precise dates and amounts of the individual defalcations. Similarly, in our State there have been various legislative enactments designed to preclude the defeat of prosecutions on the basis of attacks relating to the form rather than the substance of the charge of embezzlement. Cf. R.S. 2:188-19, 20, 22, 23; State v. Meeker, 72 N.J.L. 210, 213 (E. & A. 1905). Included within these enactments was the specific statutory provision, upon which the State relies, that in an indictment for embezzlement "there may be charged any number of distinct acts of embezzlement" which may have been committed against the same master or employer (cf. State v. Barr, 61 N.J.L. 131, 133 (Sup. Ct. 1897)) within six months from the first to the last of such acts. R.S. 2:188-19. It is contended that this statute contemplated the requirement that the acts be set forth in separate counts but we are not inclined to accept this narrow construction. In State v. Reynolds, 65 N.J.L. 424 (Sup. Ct. 1900), where the Court sustained the embezzlement conviction under review, Justice Fort expressly pointed out that the "numerous embezzlements alleged are all stated to have occurred within a period of six months and are hence within the strict letter" of the statute; examination of the original file in the case discloses that the indictment of the defendant was in a single count. See also State v. Mandel, 105 N.J.L. 270 (Sup. Ct. 1928); affirmed, 106 N.J.L. 253 (E. & A. 1929). Indeed if, as the defendant suggests, *146 the intent was simply to permit joinder of separate counts, the legislation would apparently have been unnecessary under the prevailing New Jersey authorities. Stone v. The State, 20 N.J.L. 404, 407 (Sup. Ct. 1845).
However, assuming the validity of the defendant's position that the indictment should have, as well it might have under the particular circumstances presented, embodied separate counts rather than a single count, we fail to find cause for reversal. In either event the sum of evidence would have been identical and the defendant would have been found guilty of embezzlement; his sentence of two to three years was admittedly within the statutory limitation applicable to a single embezzlement. The indictment sufficiently set forth the facts, the defendant was afforded full opportunity to defend, and any error based on the failure to set forth separate counts did not affect his substantial rights or prejudice him in maintaining his defense upon the merits. Cf. R.S. 2:195-16; R.S. 2:27-363; Rules 1:2-19, 1:2-20; State v. Knauer, 9 N.J. Misc. 581, 584 (Sup. Ct. 1931); Borough of Seaside Heights v. Olson, 7 N.J. Super. 111, 115 (App. Div. 1950).
The judgment is affirmed.