STATE OF NEW JERSEY, RESPONDENT, v. GILES W. CLEMENT, PROSECUTOR.

Submitted July 8, 1910—Decided November 9, 1910.

1. Under section 44 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 881) it is the duty of the Supreme Court to order an amendment, if possible, of an indictment brought into that court by *certiorari,* unless there is a constitutional objection to it.

2. An indictment defective because it alleges several distinct offences in a single count, does not present any constitutional difficulty to an amendment, for a defendant should not be heard to say that an amendment by striking out a part of the crimes charged and leaving but one, is in violation of his rights.

3. The one hundred and eighty-fourth section of the Crimes act (*Pamph. L.* 1898, *p.* 844) makes it a misdemeanor for any agent entrusted with the care or sale of any personal property to convert the same fraudulently, but is silent as to its value, consequently value is not there made of the essence of the offence.

---

On *certiorari* removing indictments.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Theodore W. Schimpf.*

For the state, *Clarence L. Goldenberg,* prosecutor of the pleas.

The opinion of the court was delivered by

VOORHEES, J.   Two indictments against the same defendant under the one hundred and eighty-fourth section of the Crimes act have been removed into this court by *certiorari,* and a motion to quash has been made in each case.   One of the indictments charges the fraudulent conversion of money, and the other a fraudulent conversion of personal property.   The defendant was the servant and agent of the Atlantic Amusement Company, and entrusted with the admission tickets to its pier.   In the first indictment it is charged that he sold the tickets and converted the proceeds, in the other that he converted the tickets.   Practically the same objections are put forth to each indictment.   The first of these is that the indictments allege several distinct offences in a single count.

The substantial allegations in the indictment for embezzlement are, "that the defendant   *   *   *   was the agent and servant of the amusement company, and being such agent and servant was entrusted with the care and sale of the personal property of the said   *   *   *   company, to wit, tickets of admission to a certain pier of said corporation, and   *   *   *   did on the twenty-eighth day of August, nineteen hundred and eight, sell one twenty-five cent ticket of pier admission entitling the holder thereof to admission to a certain ocean pier   *   *   *   conducted by the   *   *   *   company, aforesaid, and did receive into his possession the sum of twenty-five cents in money for the use and benefit of said   *   *   *   company, and that he did, on said day, fraudulently take and convert to his own use said moneys by him received from the sale of said ticket; both said ticket and the proceeds from the sale thereof being the personal property of said   *   *   *   company."

Then in the same count follow the same allegations as to the other conversions on other days. The count is concluded by the following allegation:

"All of which tickets had been committed to the care of the said defendant, being such agent  *  *  *  and all of which the said defendant had received in his possession as such agent  *  *  *  for sale  *  *  *, it being the duty of the said defendant to turn over to said  *  *  *  company the proceeds from the sale thereof, but that the said defendant, disregarding his duty in the premises, and while acting as such agent  *  *  *  did, on the days and dates above mentioned,  *  *  *  fraudulently take said personal property and money  *  *  *  and convert the same to his own use."

The count is undoubtedly faulty for duplicity, which does not seem to be cured by the subsequent cumulative allegation, for that also charges the offences to have been committed "on the days and dates above mentioned," still preserving the distinct character of the conversions. The defect, however, is apparent upon the face of the indictment and is amendable. The forty-forth section of the Criminal Procedure act enacts that "every court before which any such objection (*i. e.,* apparent on its face), or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared," &c. Under this statute, it is the duty of this court to order an amendment, if possible, unless there is a constitutional objection to it. The defect of the indictment is not that it does not charge any crime, but that it charges too many. It does not, therefore, fall under the criticism considered in *State* v. *Startup,* 10 *Vroom* 423, and *State* v. *Twining,* 42 *Id.* 388, and referred to in *State* v. *Kern,* 22 *Id.* 259, and hence does not present any constitutional difficulty. The defendant should not be heard to say that an amendment by striking out a part of the crimes charged, and leaving but one, is in violation of his rights.

Another objection urged is that there is no allegation that

the property claimed to have been fraudulently converted had any value.

This objection seems to be interposed particularly against the indictment for converting the tickets. It cannot, however, prevail against either, for it is sufficient in an indictment for embezzlement to allege the fraudulent disposition of money as such. *Criminal Procedure Act (Pamph. L.* 1898, *p.* 882), § 47; *State* v. *Barr,* 32 *Vroom* 131.

As to the tickets, section 33 of the same act provides that an indictment shall not be deemed insufficient for want of the statement of the value of anything where the value is not of the essence of the offence.

The one hundred and eighty-fourth section of the Crimes act makes it a misdemeanor for any agent entrusted with the care or sale of any personal property to convert the same fraudulently, but is silent as to its value, consequently value is not there made of the essence of the offence.

This objection cannot prevail. The motions to quash will be denied and the indictments will be ordered to be amended by the prosecutor of the pleas of the county of Atlantic, so as to eliminate therefrom all offences therein charged except a single offence of fraudulent conversion, and thereafter forthwith will be returned by the clerk of this court to the Court of Quarter Sessions of the county of Atlantic, from which the same were removed, to be there proceeded on as if the writs of *certiorari* by which they were brought into this court had not been allowed.