## STATE, MAYOR OF BAYONNE, PROSECUTOR, v. ANNA HERDT.

This suit was brought before the recorder of Bayonne, to recover a penalty of $20 for violating a city ordinance, and judgment was rendered for $20 and costs; the act under which suit was brought provided that, in all cases where the fine or penalty shall exceed $20, or where the punishment may be imprisonment, there may be a trial by jury, to be conducted as in cases now triable by jury, in courts for the trial of small causes, and also an appeal, as in cases where appeal may now be made from judgments in courts for the trial of small causes; also, that the recorder shall, if judgment be rendered for the plaintiff, forthwith issue execution against the goods and chattels, and against the body, of defendant or defendants. *Held*—

1. That the costs are no part of the penalty—the ordinance fixes the penalty at $20.

2. The power to punish by imprisonment is the right to inflict corporal punishment directly for doing the prohibited act. The recorder had no such power in this case; the only punishment he could impose was the fine, the imprisonment being the mere mode of enforcing its payment. Therefore, the defendant was not entitled to an appeal to the Common Pleas.

On *certiorari* to Hudson Pleas.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiff, *E. A. S. Man.*

For the defendant, *C. H. Winfield.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The original action was instituted before the recorder of the city of Bayonne, under the twelfth section of the act of 1872, (*Pamph. L., p.* 692,) to recover a penalty of $20 for violating an ordinance entitled "An ordinance regulating inns and taverns, restaurants and beer saloons."

The recorder rendered judgment against the defendant for

the amount of the prescribed penalty, ($20,) and the costs of suit, taxed at $7. An appeal was thereupon taken to the Hudson Common Pleas, where the judgment of the recorder was reversed.

The case has been certified into this court to determine whether an appeal would lie to the Hudson Pleas.

The appeal to the Common Pleas under the act of 1872 is a remedy purely statutory, and can be resorted to only where it is expressly provided for. The twelfth section of that act prescribes when an appeal may be had, in these words:

"Provided, that in all cases where the fine or penalty shall exceed twenty dollars, or where the punishment may be imprisonment, there may be a trial by jury, to be conducted as in causes now triable by jury, in courts for the trial of small causes, and also an appeal, as in causes where appeal may now be made from judgments in courts for the trial of small causes."

The same section provides that " the recorder shall, if judgment be rendered for the plaintiff, forthwith issue execution against the goods and chattels, and against the body, of defendant or defendants."

The right to an appeal is rested upon two grounds:

*First.* That the fine or penalty exceeded $20, because the fine and costs together amounted to $27.

*Second.* That the punishment may be imprisonment, because the recorder had power to issue execution against goods and chattels, and against the body, of the defendant, for the non-payment of the fine and costs.

The ordinance fixes the penalty at $20; suit was brought for that sum, and judgment given for it, with costs. The costs are no part of the penalty; otherwise, where an ordinance or a statute fixes a penalty, no costs can be allowed, because if costs are part of the penalty, the statutory limit would be exceeded and the judgment therefore erroneous.

The appeal cannot be entertained upon this ground, nor does the other appear to have any better foundation.

The power to punish by imprisonment is the right to inflict corporal punishment directly for doing the prohibited act.

The recorder had no such power in this case; he could not punish the defendant for the alleged offence by imprisonment —the fine was the only punishment prescribed by the ordinance.

The imprisonment which might have followed the execution against the body, for the want of sufficient goods out of which to make the fine and costs, was not by way of punishment, but was simply a mode of enforcing the payment of the fine.

By the twelfth section of the act of 1872, a trial by jury is allowed in all cases in which an appeal lies, and in cases where an ordinance prescribed a fine of $15, if the costs are to be considered as part of the penalty, it would be very uncertain until the case closed whether the fine and costs would exceed $20, and the recorder could not know whether the defendant was entitled to a jury or not, nor could he say whether the defendant would pay the judgment before execution issued.

The Common Pleas had no jurisdiction of the case, and therefore the judgment in that court should be set aside with costs.