ANNA DZIATKIEWICZ, PROSECUTOR, v. TOWNSHIP OF MAPLEWOOD, RESPONDENT.

ANNA DZIATKIEWICZ, PROSECUTOR, v. HONORABLE CHARLES W. PARKER, JUSTICE OF THE SUPREME COURT AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

ANNA RETTENMAIER, PROSECUTOR, v. HONORABLE CHARLES W. PARKER, JUSTICE OF THE SUPREME COURT AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

WALLACE A. VICK, PROSECUTOR, v. HONORABLE CHARLES W. PARKER, JUSTICE OF THE SUPREME COURT AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

Argued January 16, 1935—Decided April 15, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutors, *Jacob S. Karkus.*

For the respondents, *Abram H. Cornish* (*Ervin S. Fulop,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The prosecutor in each of the aforesaid cases, was convicted of having violated section (1) of an ordinance, of the township of Maplewood, regulating canvassing. Each conviction was reviewed and affirmed by Mr. Justice Parker. *Pamph. L.* 1908, *ch.* 228, *p.* 442.

The writ of *certiorari* in each case seeks to review the aforesaid conviction and affirmance. The cases being practically identical, on the argument were consolidated and treated as if they were here as one case; we shall therefore dispose of them accordingly. *Mayor, &c., of Bergenfield* v. *Peterson,* 7 *N. J. Mis. R.* 1019, 1020.

The pertinent provisions of the ordinance in question are substantially as follows: (Section 1)

"No person, except as in this ordinance provided, shall canvass, solicit, distribute circulars or other matter, nor call from house to house in the township of Maplewood without first having reported to and received a written permit from the chief of police or the officer in charge at police headquarters."

Section 2 gives power to the granting officer to issue the permit; and provides that the permit shall specify the effective hours and days of said permit; gives the granting officer discretion to refuse a permit if upon investigation it is disclosed that the canvasser is not of good moral character, or that he is canvassing for a project not free from fraud; it also permits the revocation of a permit for the failure or refusal of the permittee to observe the rule and regulations set out in the ordinance. Section 3 provides that before the permit is issued the canvasser "shall make an application to canvass, giving his or her full name and address, age, height, weight, place of birth, whether married or single, length and place of residence, whether or not previously ar-

rested or convicted of crime, by whom employed, address of employer, clothing worn and a description of the project for which he or she is canvassing. Each applicant shall be finger-printed and photographed before a permit shall issue." Section 4 sets out the rules and regulations. Section 5 provides that it shall not affect "any person engaged in the delivery of goods, wares or merchandise, or other article or thing in the regular course of business to the premises of persons ordering or entitled to receive same." Section 6 provides for the penalty.

The charge in each case was that on the day and place within the township, as alleged in the complaint, prosecutor did canvass, distribute circulars *or other matter* by calling from door to door without having first received a written permit from the chief of police for so doing.

It is not the function of the court, in cases of this type, to weigh the evidence. *Vandergrift* v. *Meihle,* 66 *N. J. L.* 92; *Levine* v. *State,* 110 *Id.* 467. We have, however, examined the proofs, including a copy of the circular or literature marked *Exhibits P-1* and *P-2,* and appearing only in the state of case (B) of Township of Maplewood *v.* Anna Dziat-kiewicz, and are clearly of the opinion that they fully support each conviction; we so hold. *Allen* v. *McGovern,* 12 *N. J. Mis. R.* 12. Although the ordinance in the last cited case was, if anything, more stringent than the ordinance in the instant case, nevertheless, it was sustained as a valid exercise of the police power by the governing body. And the court said; "* * * The fact that the prosecutor first rang the doorbell and then handed in the unsolicited advertising mat-ter does not alter the situation, since the city must regulate the use of the streets for the good of the greatest number. There are restraints upon every one for the common good. The city commissioners being familiar with the local con-ditions are primarily the judges of the necessity. *Jacobson* v. *Massachusetts,* 197 *U. S.* 11."

Seven reasons are assigned by the prosecutors in support of their respective contentions. The first two are that (1) "The complaint is insufficient in that it fails to charge an

offense;" and (2) "because the recorder had no jurisdiction in that a valid complaint was not made or filed." Like objection was made before the recorder in the Rettenmaier case and the same objection was stipulated as having been made in each of the other cases. Under these objections it is here argued that prosecutors were not canvassing and that the complaint in each case was defective in that it charged the commission of an offense in the alternative. This is based on the fact that the complaint charged the prosecutors in each case with canvassing, distributing circulars, *"or other matter."* *Myslewitz* v. *Sullivan,* 102 *N. J. L.* 61. A reading of the last cited case clearly discloses that by reason of the particular facts and issues therein involved that it is without application to the facts and issues involved in the case at bar.

It is well settled that where the words of the statute are descriptive of the offense, it is ordinarily sufficient to charge the offense in the language of the statute, or in words of similar import. 16 *C. J.* 1224; *Levine* v. *State, supra.* And it is stated in 43 *C. J.* (Municipal Corporations) *p.* 462, ¶ 652, that:

"It is not necessary that the accusation of violation of a municipal ordinance state the offense with such strictness as would be necessary in an indictment."

"Charging the offense in the same terms or in substantially the same terms as those used in the ordinance or regulation is generally sufficient."

Compare *Keeler* v. *Milledge,* 24 *N. J. L.* 142; *Kip* v. *The City of Paterson,* 26 *Id.* 298.

The words "or other matters" are not objectionable here as being in the alternative within the holding of those cases of which *Myslewitz* v. *Sullivan, supra,* is typical. The gist, the gravamen, of the alleged wrongdoing, in the instant case, is the illegal canvassing without a permit. And this would be so whether the canvassing was by circular, booklet or pamphlet. The words ("or other matters") are to be restricted to those *ejusdem generis;* they obviously relate here to other matters like circulars which are prohibited by the ordinance.

The names of the person or persons solicited, perhaps, anciently required, need not be set out in a complaint, such as here, for the violation of a city ordinance. Compare *Keeler* v. *Milledge, supra; Kip* v. *The City of Paterson, supra.* It is sufficient to allege, as was alleged here, that on a day certain within the jurisdiction of the respondent township, prosecutors had in the manner stated, violated the ordinance in question. Nor is this the type of a case in which the exception (section 5) to the ordinance need be negatived in the complaint. The exception is not contained in the enacting clause. Compare *Hiler* v. *Force,* 111 *N. J. L.* 214; 168 *Atl. Rep.* 182. There is no merit to any of the grounds assigned under the first and second reasons.

Moreover, we desire to point out that none of these contentions are embraced in the assigned reasons. 1 and 2. They are therefore not available to the prosecutors here. In *Noe* v. *Monmouth County Common Pleas Court,* 6 *N. J. Mis. R.* 1016; 143 *Atl. Rep.* 750; *affirmed,* 106 *N. J. L.* 584; 150 *Atl. Rep.* 920, it was held:

"The third reason relied upon for a reversal is that the court had no jurisdiction, in that the complaint was defective. This reason is too general to be considered. It does not point out in what particular respect the complaint is defective." Compare *Mayor, &c., of Englewood* v. *Nicita,* 7 *N. J. Mis. R.* 1034; 147 *Atl. Rep.* 755.

Our disposition of the effect of the evidence disposes of reasons 3 to 5, inclusive.

The sixth and seventh reasons are based on the substantial contention that the prosecutors are not engaged in any business, and that they are not amenable to the provisions of the ordinance because they were engaged in the holy work of furthering their religious principles.

Conceding that each prosecutor comes within the line of cases of which *Coughlin* v. *Sullivan,* 100 *N. J. L.* 42, is typical (although it is difficult to reconcile such a concession with the holding in *Allen* v. *McGovern, supra;* compare, also, the Essex County Common Pleas Court case of *Almassi* v. *Newark,* 8 *N. J. Mis. R.* 420), and conceding further the

unquestioned right of any person or group of persons to further their religious views or principles by canvassing for subscribers thereto, by distributing circulars, as was done here, prosecutors have utterly failed to disclose anything, they stood mute as to proofs, which would tend to indicate that the ordinance in question is an unreasonable exercise of the police power of the governing body. It would seem to this court that men and women engaged in the lofty and idealistic work, as the prosecutors' claim to have been engaged herein, *i. e.,* of spreading their religious conceptions to the public at large, ought to be among the very first to submit to and comply with all reasonable regulations which, obviously, were enacted in the interest of the public health and safety and which regulations were designed for the good of the greatest number. There is no question here of prohibition; it is rather a simple question of reasonable police regulations; regulations which have for their purpose safeguards against those who are not so concerned with ideals and morals; a type, of which there are altogether too many, which resort to any guise, innocent or otherwise, in order to further their illegal schemes and objectives.

The prosecutors, notwithstanding the sanctity of their work, are not immune to the necessary and reasonable police regulation herein challenged.

Writs are dismissed, with costs.