PETER SEMANSKY, PROSECUTOR, v. THE COMMON PLEAS COURT OF ESSEX COUNTY AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

LENA ALBRIGHT, PROSECUTRIX, v. THE COMMON PLEAS COURT OF ESSEX COUNTY, AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

ALICE ROSENDAHL, PROSECUTRIX, v. THE COMMON PLEAS COURT OF ESSEX COUNTY AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

ELLA HERING, PROSECUTRIX, v. THE COMMON PLEAS COURT OF ESSEX COUNTY AND RICHARD H. THIELE, RECORDER OF THE TOWNSHIP OF MAPLEWOOD, RESPONDENTS.

Argued May 7, 1935—Decided July 22, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutors, *Jacob S. Karkus.*

For the respondents, *Abram H. Cornish* and *Ervin S. Fulop.*

The opinion of the court was delivered by

CASE, J. All of the above entitled cases involve the same issue and by stipulation of counsel are argued as one. Prosecutors were respectively charged with and convicted of the offense of canvassing from house to house in the township of Maplewood without first having reported to and received a written permit from the chief of police as required by the ordinance recited at some length by Mr. Justice Perskie in *Dzialkiewicz* v. *Township of Maplewood,* 115 *N. J. L.* 37; 178 *Atl. Rep.* 205.

The single point presented on the appeal is that the prosecutors in going from house to house, handing out pamphlets and suggesting to the recipients that if the latter so desired the canvasser would accept a contribution, were engaged in an act of religious service, and that the ordinance is therefore not to be understood as applicable to prosecutors or, if held to be applicable, is contrary to the constitutional provision that "no person shall be deprived of the inestimable privilege of worshiping Almighty God in a manner agreeable to the dictates of his own conscience." We are unable, and counsel for prosecutors does not attempt, to distinguish the facts, the issue and the determination of this case from those in *Dzialkiewicz* v. *Maplewood, supra.* That determination, with the reasoning of which we agree, leads to a dismissal of the writs in the instant case.

In the absence of pertinent and favorable judicial determination prosecutors quote extensively from the Old and New Testaments. The ordinance requirement is clearly directed toward a police effort to have knowledge of those who go from house to house and to have assurance that such persons are of good repute. Our study of the Scriptures leads us to the conclusion that the teachings thereof are very much to the effect that citizens should render themselves accountable to temporal authority in all matters so reasonable as that which is before us. Asked whether tribute should be given unto Caesar, the Master said, "render therefore unto Caesar the things which be Caesar's, and unto God the things which be God's." Luke 20:25. To say that obstinate refusal to seek the permit required by the ordinance is an act of

worship is to say that disobedience of any statutory or ordinance provision may be so designated. We find no support for the argument that the ordinance is not applicable to the prosecutors or, so applied, is unconstitutional.

The writs are dismissed, with costs.