MITCHELL DALLAS AND PETER BUTRUS, PROSECUTORS, v. CITY OF ATLANTIC CITY, RESPONDENT.

Argued May 10, 1938—Decided June 1, 1938.

Before Justice PORTER, sitting alone pursuant to the statute.

For the prosecutors, *Robertson & Robertson* (*O. R. Moyle*, of the New York bar, of counsel).

For the respondent, *Samuel Backer*.

PORTER, J. The prosecutors of this writ were arrested on July 29th, 1937, in Atlantic City, charged with the violation of three city ordinances: (1) Holding religious and secular

meetings without a permit. (2) Disorderly conduct by indulging in and uttering loud language contrary to an ordinance defining disorderly conduct. (3) Violating section 5 of an ordinance regulating electrical installations and constructions. They were subsequently tried in the Recorder's Court, convicted on each charge, and sentenced to payment of fines or in the alternative to be confined to jail for a certain period.

The petition for the review of the conviction was filed in the Common Pleas Court for Atlantic county which resulted in the affirmance of the convictions for disorderly conduct and for violation of the ordinance regulating electrical installation. The other charge, for holding religious and secular meetings without a permit was set aside because of the admitted invalidity of the ordinance under which such complaint was made.

The facts do not seem to be in dispute and briefly are: That the prosecutors are members of a religious sect or organization called Jehovah's Witnesses; that it meets and conducts meetings at a certain location in Atlantic City and sought to hold meetings outdoors on the beach and applied to the mayor for a permit, which application was denied. On the evening of July 29th, 1937, the prosecutors set up on the beach a contrivance with which to broadcast some sermons or addresses by electrical transmission, getting the electrical current for the same by wire from a restaurant building, and running from there under the boardwalk in the sand to the place where the apparatus was erected. A police officer inquired their intention, was advised that it was to hold this meeting, and informed them as they had no permit it would not be permitted. Nevertheless, the meeting was started by the use of the electrical sound device and the arrests followed. Thereupon, the prosecutors addressed the crowd that had and continued to gather in preaching to them, and apparently, acquainting them with their mission and reason for holding the meeting.

The prosecutors contend: (1) That the complaint on the disorderly charge is irregular and incomplete, and does not

charge the defendants in accordance with the terms and wording of the ordinance. There is no merit in this contention because the complaint does specifically refer to the title of the ordinance in question, which is sufficient to acquaint the accused with the nature and details of the offense charged. It is not necessary in charging a violation of a municipal ordinance to state the offense with such particularity and strictness as would be necessary in an indictment. *Meyer* v. *Bridgeton,* 37 *N. J. L.* 160; *Dziatkiewicz* v. *Township of Maplewood,* 115 *Id.* 37. (2) That the conviction on the disorderly conduct charge is not supported by the evidence and is against its weight. There is no merit to this contention because under the undisputed testimony there was sufficient before the court to fully justify his conclusions. Moreover, this court will not weigh evidence for the purpose of deciding the question of guilt or innocence of the prosecutors, but will only consider the evidence for the purpose of determining whether or not it affords a rational basis for the judgment against them. "If it does, then no matter whether the evidence be weak or strong, this court will not interfere." The above is the language of Mr. Justice Trenchard in *Kerr* v. *Atlantic City,* 108 *Id.* 219. (3) That the complaint with respect to the electrical installation is incomplete because it does not follow the ordinance in that it was not under oath. As was said by the judge of the Common Pleas on this point; the presumption is that the complaint was, in fact, sworn to before the recorder, and in the absence of evidence to the contrary this objection is without merit. We concur in that view. (4) That the conviction with respect to the electrical installation charge is against the weight of the evidence. Not so. What was said with respect to weight of evidence heretofore, is clearly applicable on this point. It is argued on behalf of the prosecutors that the action of the city authorities shows vindictiveness, malice, and discrimination. While this court cannot search out motives, still the case is barren of evidence to sustain that charge.

The writ will be dismissed, with costs.