7 N.J. Super. 111 (1950)
72 A.2d 353
BOROUGH OF SEASIDE HEIGHTS, PLAINTIFF-APPELLANT,
v.
DONALD OLSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1950.
Decided March 27, 1950.
*113 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Frank S. Katzenbach, III, argued the cause for the appellant (Mr. Percy Camp, attorney).
Mr. Howard Ewart argued the cause for the respondent (Messrs. Ewart, Bennett & Sutton, attorneys).
The opinion of the court was delivered PER CURIAM.
This is an appeal from a judgment of the Ocean County Court reversing a conviction before the Recorder of the Borough of Seaside Heights.
The complaint alleged that in violation of Sections 1 and 3 of the Borough's ordinance the defendant had appeared on the public streets of the Borough while under the influence of intoxicating liquor and had used loud, indecent and abusive language by shouting at the police officers, "You ____ Cops, come out of the car and tell me that on the street" after they had requested him to move on and not loiter in the street. The complaint also contained a statement that the defendant *114 had created an additional disturbance at the Seaside Heights Police Station after he had been placed under arrest. The ordinance provided in Section 1 that it shall be unlawful for any person to appear upon the streets of the Borough while under the influence of intoxicating liquor and in Section 3 that it shall be unlawful for any person or persons to create any disturbance or to incite to riot or to assemble in a loud and boisterous manner in any of the streets of the Borough.
At the trial before the Recorder five officers and a physician testified in support of the charge that the defendant had appeared on the public street while under the influence of intoxicating liquor and had used the loud, indecent and abusive language after he had been requested to move on and not loiter in the street. At the conclusion of the testimony for the prosecution, counsel for the Borough moved to strike from the complaint the statement which related to the alleged disturbance at the Police Station. Counsel for the defendant objected to such striking but his objection was overruled and the record indicates that the Recorder later drew a line through the statement.
The defendant testified he had been drinking but denied he had sworn at the officers or created any disturbance. On July 19, 1948, the Recorder adjudged him guilty as charged in the complaint and sentenced him to ninety days' imprisonment and $100 fine as permitted by the ordinance, plus court costs. On appeal pursuant to R.S. 2:215-7 the Ocean County Court, after pointing out that the proceedings were penal in nature and should be strictly construed, concluded that the complaint alleged more than one distinct offense and should have been dismissed by the Recorder as duplicitous and entered judgment of reversal. Notice of appeal therefrom was filed and the defendant has raised no question as to the Borough's right of appeal.
Our Courts have held that convictions in summary proceedings should, among other matters, affirmatively set forth the complaint within the jurisdiction of the magistrate. Preusser v. Cass, 54 N.J.L. 532, 534 (Sup. Ct. 1892). See Rule 8:7-8(b). In view of the summary nature of the proceedings *115 this procedural requirement was imposed as a safeguard to the defendant and an aid to the reviewing Court. However, it has been held that while it was essential that the complaint disclose a violation, it was "not necessary in charging a violation of a municipal ordinance to state the offense with such particularity and strictness as would be necessary in an indictment." Dallas v. Atlantic City, 120 N.J.L. 314, 316 (Sup. Ct. 1938); Dziatkiewicz v. Township of Maplewood, 115 N.J.L. 37, 40 (Sup. Ct. 1935). Furthermore, there would appear to be no justifiable reason for denying power to the magistrate, similar to that available when dealing with indictments, to amend the complaint on matters of form. Cf. State v. Clement, 80 N.J.L. 669, 671 (Sup. Ct. 1910); R.S. 2:188-5 et seq. See Rule 8:12-3; State v. Yaccarino, 3 N.J. 291, 295 (Sup.Ct. 1949). In any event, the statement relating to the additional disturbance at the Police Station, stricken by the Recorder, did not charge any offense under the ordinance and may be considered as surplusage. State v. Kern, 51 N.J.L. 259, 264 (Sup.Ct. 1889); State v. The Middlesex and Somerset Traction Company, 67 N.J.L. 14, 16 (Sup. Ct. 1901); State v. Then, 118 N.J.L. 31, 43 (Sup. Ct. 1937); affirmed, 119 N.J.L. 429 (E. & A. 1938). The evidence in no wise related to it and its striking could not have affected the substantial rights of the defendant or have prejudiced him in maintaining his defense upon the merits. Cf. R.S. 2:195-16; R.S. 2:27-363. See Rules 1:2-19, 1:2-20.
The defendant contends that, even apart from the stricken material, the complaint was duplicitous and should have been dismissed by the Recorder. A fair reading of the complaint, in the light of the doctrine expressed by Justice Porter in the Dallas case, supra, discloses that it did not charge distinct offenses but rather alleged a single offense in violation of two sections of the ordinance. The defendant was charged with having appeared on the public streets while under the influence of intoxicating liquor and having used the described loud, indecent and abusive language after having been requested by the officers to move on and not loiter *116 in the street. The circumstances were intertwined, they were sufficiently set forth as facts supporting the offense charged, and the defendant was afforded ample opportunity to defend against it. Cf. Rupprecht v. Draney, 137 N.J.L. 564, 567 (Sup. Ct. 1948); affirmed, 1 N.J. 407 (1949); Atlantic City v. Crandol, 67 N.J.L. 488, 490 (Sup. Ct. 1902); Francisco v. The State, 24 N.J.L. 30, 32 (Sup. Ct. 1853).
The defendant has advanced the contention that the Recorder erred in imposing costs in addition to fine and imprisonment. This contention is without merit. Although costs were no part of the penalty prescribed by the ordinance (Mayor of City of Bayonne, etc., v. Herdt, 40 N.J.L. 264, 265 (Sup. Ct. 1878)), they were properly added to the sentence pursuant to statutory authority. See R.S. 2:223-1; 40:87-41.
We are of the opinion that the complaint and the conviction thereunder in the Recorder's Court were valid whether tested under the practice prior or subsequent to the new Rules. However, under the new Rules, in effect when the lower Court considered his appeal, the defendant had the privilege of applying for a trial de novo (Rule 2:11 (h)) which we believe should now be afforded to him. See State v. Smith, 6 N.J. Super. 85, 90 (App. Div. 1949). Accordingly, the judgment below is reversed and the cause is remanded to the Ocean County Court for further proceedings in accordance with this opinion.
Reversed and remanded.