Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

STATE OF NEW JERSEY, TOWNSHIP OF WEST ORANGE, PLAINTIFF–RESPONDENT, v. STUART PORTNEY AND PENNLEN ASSOCIATES, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 25, 1988—Decided December 12, 1988.

Before Judges PRESSLER and O'BRIEN.

*Robert C. Williams* argued the cause for appellants (*Robert C. Williams* and *Willard E. Byer, Jr.,* of counsel and on the letter brief).

*Jeffrey A. Gerson* argued the cause for respondent (*Laura M. LeWinn,* on the brief).

The opinion of the court was delivered by

O'BRIEN, J.A.D.

Defendants appeal from their convictions for violating a municipal ordinance of the Township of West Orange requiring

a permit for the removal of trees. We reverse as to defendant Stuart Portney (Portney). We affirm the conviction of defendant Pennlen Associates (Pennlen), but reduce the penalty within the limit permitted by *N.J.S.A.* 40:49–5.

Pennlen is the developer of a parcel of land in the Township of West Orange identified as Lot 11 in Block 154 on the tax map and commonly known as 622 Eagle Rock Avenue. On June 4, 1986, the Planning Board of the Township (planning board) approved a site plan submitted by Pennlen for the erection of an office building after the planning board had approved variances as to the height of the proposed building and the number of parking spaces to be provided. In the resolution of approval, dated June 4, 1986, reference is made to the presentation of Leonard Garner, principal of the applicant, and Robert Williams, attorney for the applicant. By resolution adopted on April 1, 1987, the planning board amended the previously approved site plan. In that resolution defendant Portney is referred to as a "professional planner."

Section 24–12 *et seq.* of the Land Subdivision section of the Township of West Orange Ordinances, as revised and supplemented through October 1985, concerns tree removal and planting. Section 24–12.5a1 of this ordinance requires any person desiring to "destroy, cut or remove a tree," as defined in the ordinance, to apply to "the duly appointed officer"[1] for a permit to remove such a tree.

On March 9, 1987, Richard Manus (Manus), now the township forester, went to the Pennlen property at 622 Eagle Rock

---

[1]The Township agrees that George Richard Manus was not appointed by the mayor to administer the tree ordinance until November 5, 1986. Prior to that time there was no "duly appointed officer" and no permits had been issued, although the township planner handled some matters in relation to trees. The municipal court judge found that Mr. Manus' testimony was vague on this question.

Avenue and counted 74 tree stumps.  The next day,[2] he signed
a complaint against Portney for a violation of:

> Ordinance # 24–12–5a 1.2 by committing the following offense(s):  Trees were
> removed without permit at 622 Eagle Rock Ave., W. Orange = Lot # 11, Block
> # 154.

On April 16, 1987 Richard Williams, attorney for Portney,
told the municipal court judge, "I can represent to the court
that Mr. Portney is not the only owner of the property."  Then
counsel pointed out that the property is owned by Pennlen, a
joint venture, and that Portney is not one of the joint venturers,
but rather an employee.  As counsel for Pennlen, Mr. Williams
consented to the amendment of the complaint to join Pennlen as
an additional defendant without any further notice to it.  The
matter was then adjourned.

On May 21, 1987, during the cross-examination of Manus, Mr.
Williams recalled his application at the earlier hearing to dis-
miss the complaint against Portney and amend it to substitute
Pennlen as the defendant.  At that time the judge had respond-
ed that he could not dismiss as to Portney, but he did permit
Pennlen to be added as a defendant.

During his cross-examination Manus explained why he had
filed the complaint against Portney.  He testified that he went
to the building inspector who had records of applications and
asked who owned the property.  He also found two names on
some applications.  Manus said:

> As owner and—there are two sections.  One shows an owner and one shows
> who is doing the work.  Now I have forgotten which section was Pennlen
> Associates and which was Portney.  I asked the direction of the code enforce-
> ment officer and he says that is the way we handle the violation of codes, put
> both down.

In spite of this hearsay advice, Manus filed the complaint solely
against Portney.

---

[2]We recognize that, contrary to Manus' testimony, the summons and com-
plaint signed by him, contained in defendants' appendix, is dated February 26,
1987.

■ At trial, the municipal court judge denied Portney's application for a dismissal. We conclude this was error. There was absolutely no evidence that Portney owned the property except for the statement by his counsel on April 16, 1987, "Mr. Portney is not the only owner of the property." Manus claimed he obtained Portney's name from some papers on file in the building department and by hearsay from some employee in that department. This information was totally inadequate to charge Portney with a violation of the ordinance. We agree with the municipal court judge that it is not necessary for the municipality to name the person who actually removed the trees and that the owner of the premises or the developer may be charged circumstantially for such tree removal. However, in this case, the documents before the municipal court judge and before us only mention Portney's name in a planning board resolution as a "professional planner." He was not otherwise identified as the owner of the property nor the person who removed the trees in the testimony of Manus, and therefore the motion to dismiss as to him should have been granted. Accordingly, the conviction of Stuart Portney is reversed.

■ By its own application, Pennlen was added as a defendant on the original complaint. The planning board resolutions submitted into evidence by the defense reflect Pennlen as the developer who obtained site plan approval which included removal of the trees in question. This application by Pennlen coupled with the evidence that the trees shown on the plan were removed [3] is sufficient to create the inference that Pennlen either removed the trees or had them removed by a subcontractor. It is clear that no permit was obtained and 74 trees were removed. We are satisfied that the complaint adequately charged the owner or developer of the property with failure to

---

[3]The municipal court judge noted in his decision that Manus had testified that although there may have been one or two trees different, basically the trees removed were those which were reflected on the site plan approval concerning the trees to be removed.

obtain the requisite tree removal permit and the evidence supported the guilty verdict. The conviction of Pennlen for a violation of the ordinance is affirmed. We turn to the penalty imposed.

The municipal court judge found that there was willful, wanton and rampant removal of the trees and imposed a penalty of $600 per tree for a total of $44,400 plus court costs of $25.[4] After the trial *de novo* on the record, the Law Division judge again found both defendants guilty but concluded they did not act willfully or wantonly, and he imposed a fine of $75 per tree for a total of $5,550 plus costs.

On this appeal, defendant argues that the complaint did not charge 74 separate offenses and therefore it was improper to impose a separate fine for each tree removed. The municipality points out that section 24–12.10 provides that every tree cut or removed in violation of the ordinance shall constitute a separate offense. The penalty prescribed in the ordinance is a minimum fine of $75 and not exceeding $1,000, or community service for 30 days, or both. The Law Division judge imposed the minimum of $75 per tree in accordance with the provisions of the ordinance.

■ Pursuant to *R.* 7:2 covering practice in municipal courts, the provisions of *R.* 3:2 apply. *R.* 3:2 provides:

> The complaint shall be a written statement of the essential facts constituting the offense charged made upon oath before a judge or other person empowered by law to take complaints.

The complaint must be clear, precise and understandable and the elements constituting the offense must be described with such precision and clarity to enable the accused to properly defend himself. *Russell v. United States,* 369 *U.S.* 749, 82

---

[4] Section 24–12.10, the violations section of the ordinance, provides that "In any case where the municipal judge determines that the person has acted willfully or wantonly, there shall be immediate revocation of the site plan and the applicant must go back to the planning board or zoning board for re-evaluation on the site plan."

*S.Ct.* 1038, 8 *L.Ed.*2d 240 (1962); *State v. Doto,* 16 *N.J.* 397, 403 (1954), *cert.* den. 349 *U.S.* 912, 75 *S.Ct.* 601, 99 *L.Ed.* 1247 (1954) (the essence of constitutional right in relation to the sufficiency of an indictment is that the accused be informed by the indictment in certain, definite and understandable terms of the crime charged to him). It is a well settled legal rule that a count in an indictment cannot be utilized for the purpose of joining separate and distinct offenses even though of a like nature. *State v. Weleck,* 10 *N.J.* 355, 375 (1952); *State v. Henry,* 56 *N.J.Super.* 1 (App.Div.1959). However, in charging a violation of a municipal ordinance, it is not necessary to state the offense with such particularity and strictness as would be necessary in an indictment. *Borough of Seaside Heights v. Olson,* 7 *N.J.Super.* 111, 115 (App.Div.1950); *see also Dziatkiewicz v. Tp. of Maplewood,* 115 *N.J.L.* 37 (S.Ct.1935).

In this case, defendants were notified by the complaint that they were charged with removing trees (more than one tree) without a permit in violation of an ordinance which was identified. A reading of the ordinance would have revealed that the violations section provides that every tree cut or removed without a permit constitutes a separate offense. However, it is not clear from the ordinance whether a separate permit is required for each tree which is to be destroyed, cut or removed. The "tree removal and planting plan" which is to be filed with the planning board with site plan review and approval pursuant to section 24–12.5a2 is to show the "general location of wooded area and trees to be removed and to be retained" under section 24–12.5a4a. Furthermore, the fees established by section 24–12.6 are dependent upon the number of trees to be removed. For removal of between one and ten trees, the fee is $25 and for 51 to 150 trees, $500, the fee which this developer would have had to pay for its permit.

Our reading of the provisions of the ordinance leads us to conclude that only one permit is required regardless of the number of trees to be removed, but that the fee for that permit escalates in accordance with the number of trees to be removed.

Thus, the gist of the complaint in this case is the failure to obtain a permit, as in the case of *Dziatkiewicz v. Tp. of Maplewood,* 115 *N.J.L.* at 40 where the court said:

> The gist, the gravamen, of the alleged wrongdoing, in the instant case, is the illegal canvassing without a permit. And this would be so whether the canvassing was by circular, booklet or pamphlet.

Similarly, in this case, it is the failure to obtain a permit before the removal of the trees and not the number of trees removed which is the offense.

*N.J.S.A.* 40:49–5 prescribes the permitted penalties for violation of ordinances:

> ... imprisonment in the county jail or in any place provided by the municipality for the detention of prisoners, for any term not exceeding 90 days; or by a fine not exceeding $1,000.00, or by a period of community service not exceeding 90 days.
>
> The governing body may prescribe that for the violation of any particular ordinance at least a minimum penalty shall be imposed which shall consist of a fine which may be fixed at an amount not exceeding $100.00. The court before which any person is convicted of violating any ordinance of a municipality shall have power to impose any fine, term of imprisonment, or period of community service not less than the minimum and not exceeding the maximum fixed in such ordinance....

In accordance with that provision, the tree removal and planting ordinance under review provides in section 24–12.10 that any person violating its provisions "shall be subject to a fine of a minimum of $75 and not exceeding $1,000, or community service for 30 days, or both." Notwithstanding the last paragraph of that section providing that every tree cut or removed constitutes a separate offense, the maximum penalty which can be imposed under this ordinance for the failure to obtain a permit is $1,000 regardless of the number of trees removed. As noted, the gist of the offense is the failure to obtain a permit.

The conviction of Stuart Portney is reversed. The conviction of Pennlen Associates of a violation of section 24–12 *et seq.* of the ordinance is affirmed, but the penalty imposed is reduced to the maximum permitted under the ordinance of $1,000 plus costs heretofore imposed.