**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4230-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIJ MOHAN SHARMA,

     Defendant-Appellant.

_____

Argued telephonically July 28, 2020 –
Decided August 12, 2020

Before Judges Sumners and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 18-034.

Larry S. Loigman argued the cause for appellant.

Gregory James Cannon, Borough of Red Bank Municipal Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Gregory James Cannon, on the brief).

PER CURIAM

Defendant Brij Mohan Sharma appeals from an April 22, 2019 order of the Law Division finding him guilty of seven violations of the Red Bank municipal code after conducting a de novo review of the record developed in the municipal court pursuant to Rule 3:23-8.  We affirm.

Defendant owns residential rental property in Red Bank.  In July 2018, the Red Bank code enforcement officer issued seven complaints for code violations at defendant's property.  The violations were: failure to maintain fire protection; failure to obtain a certificate of occupancy for rental property; failure to maintain interior surfaces; overcrowding; two electrical hazards; and failure to exterminate the property.  Defendant appeared in municipal court several times with counsel, including his attorney on this appeal.  Prior to the municipal court trial, defendant requested and received discovery regarding the municipal code violations.

On the day of trial, defendant moved before the municipal court to dismiss the charges, arguing the issued summons were void for lack of notice of the various municipal code violations and failure to serve pre-complaint notices. The municipal court judge denied defendant's motion without prejudice, concluding the arguments were premature because testimony was required to render a ruling.  Based on the municipal court judge's denial of the motion to

dismiss, defendant entered conditional guilty pleas as to all charges, reserving the right to appeal the denial of his dismissal motion.

During the plea colloquy before the municipal court judge, defendant admitted to the seven separate municipal code violations at his property. The municipal court judge found defendant was not "as diligent as he should have been in correcting these conditions . . . ." The municipal court judge required defendant to abate the conditions within thirty days and imposed a $14,000 fine, representing a $2,000 fine for each violation.

On November 26, 2018, defendant filed an appeal from his municipal court conviction with the Superior Court, Law Division. A trial de novo was conducted by the Law Division judge on April 18, 2019. Defendant raised the same legal arguments in support of his motion to dismiss as asserted in the municipal court proceeding.

The independent trial de novo fact-findings and legal conclusions by the Law Division judge were placed on the record on the trial date. The Law Division judge found defendant had sufficient notice of the violations and understood his need to correct the violations. Citing State v. Henry, 56 N.J. Super. 1, 4 (App. Div. 1959), the Law Division judge found "petitioner was put on sufficient notice in which to properly defend the claims and protect against double jeopardy." The judge concluded "the complaints were sufficiently

descriptive under Henry to put [defendant] on notice for the crimes with which he was charged." Although defendant correctly stated that the "specific numbers on the complaints [did] not correspond to the most recent codification of Borough ordinances," the Law Division judge held "the description on the complaint . . . was sufficient notice to put defendant on notice of the charges and the specificities lodged against him." The judge further stated that defendant "had multiple opportunities to abate the conditions on the property, but was not diligent in doing so. The record shows [defendant] was aware of the conditions he needed to resolve, and therefore, the [c]ourt finds [defendant's] argument without merit." Moreover, the Law Division judge determined defendant's "guilty plea essentially waived any deficiency to the complaints under [State v.] Marolda[, 394 N.J. Super. 430 (App. Div. 2007)]. . . . [The] time to address the issue was in [m]unicipal [c]ourt, prior to the plea, and the amendment [to the complaints] would've easily resolved the issues." Thus, the Law Division judge concluded defendant "entered the plea with knowledge of the issues and the complaints, and thus, that he waived."

In addition, because Red Bank was not taking measures to remedy defendant's violations of the municipal code, the judge rejected defendant's argument that the municipal Mayor and council should have been notified prior to the issuance of the complaints and that pre-complaint notice of the violations

4

should have been accorded to him. The Law Division judge held accepting defendant's argument that "code enforcement officers obtain . . . a resolution from [the] Mayor and Borough council in order to issue a complaint in the first place against any person who violates . . . an ordinance . . . would be wholly inefficient and contrary to precedent set by New Jersey [c]ourts."

Based on his factual determinations, the Law Division judge found defendant "guilty . . . beyond a reasonable doubt, and . . . impose[d] the same fines that were imposed in the [m]unicipal [c]ourt." In an April 22, 2019 order, the Law Division judge denied defendant's municipal court appeal and reinstated the municipal court's sanction order.

On appeal to this court, defendant argues the following:

> POINT I
>
> THE LAW DIVISION [JUDGE] ERRED IN FAILING TO DISMISS THE COMPLAINTS.
>
> A. THE SUMMONSES WERE VOID FOR LACK OF NOTICE.
>
> B. THE SUMMONSES WERE VOID FOR FAILURE TO SERVE PRE-COMPLAINT NOTICE.

A trial court deciding a municipal appeal must review the record de novo and make its own decision regarding a defendant's guilt or innocence. State v. Avena, 281 N.J. Super. 327, 333 (App. Div. 1995). "[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law

Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)). "In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016).

Here, after the municipal court judge denied defendant's motion to dismiss the charges, defendant entered a conditional guilty plea to all seven municipal ordinance violations. In order to accept a guilty plea, defendant had to proffer a basis for his admission to the ordinance violations and he did so. In addition, the summons adequately informed defendant of the various violations at his property and no citation to a specific ordinance provision was required. See State v. Fisher, 180 N.J. 462, 470-71 (2004) (holding complaints should be decided on the merits rather than dismissed because of mere technicalities).

Defendant's extensive citation to, and reliance upon, State v. Nunnally, 420 N.J. Super. 58, 65 (App. Div. 2011) in support of his argument is misplaced. In that case, the failure to cite the correct substantive offense for the issued traffic ticket was not a "technical defect" because the proofs required for a failure to submit to alcohol testing in a commercial driver's license refusal were different from the proofs required for a general refusal. Id. at 66-67. Nothing in Nunnally overruled our decision in Henry, requiring "a complaint . . . contain

6                                                    A-4230-18T1

an informative statement of the charge made." Henry, 56 N.J. Super. at 8. It is "not necessary in charging a violation of a municipal ordinance to state the offense with such particularity and strictness as would be necessary in an indictment." Borough of Seaside Heights v. Olson, 7 N.J. Super. 111, 115 (App. Div. 1950) (quoting Dallas v. Atlantic City, 120 N.J.L. 314, 316 (Sup.Ct. 1938)).

We also reject defendant's argument that the municipality's failure to provide pre-action notification of the ordinance violations warranted dismissal of the charges. Because the municipality was not taking action against defendant's property, such as demolishing an unsafe structure or mowing overgrown vegetation, and placing a lien against the property for expenses incurred in remedying the violations, pre-action notification under the International Property Maintenance Code, incorporated by reference in the municipality's code, was not required.

Here, the municipality did not take any action at the property. Rather, the municipality's code enforcer issued summonses seeking to have defendant remedy the violations or face monetary sanctions as could be imposed by a court if defendant failed to cure the violations.

Having reviewed the record, we are satisfied the Law Division judge properly convicted defendant of the seven separate violations of the

A-4230-18T1

municipality's ordinance code and rightly reinstated the monetary penalties imposed for those violations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION